IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIONE FAUNTLEROY, SR.              :
                                   :
        v.                         :     CIVIL NO. CCB-14-387
                                   :     Criminal No. CCB-10-0336
UNITED STATES OF AMERICA           :
                              ...o0o...

# MEMORANDUM

Federal prison inmate Dione Fauntleroy, Sr., filed a timely motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel with respect to his plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. The plea was entered before Judge Benson E. Legg, who sentenced Fauntleroy on January 19, 2012, to an agreed term of 160 months' incarceration.[1] Fauntleroy's appeal to the Fourth Circuit was denied. 508 F. App'x. 238 (4th Cir. 2013).[2] This motion followed. It will be denied for the reasons explained below.

Fauntleroy asserts four related grounds for relief, all of which allege that trial counsel was ineffective for failure to prepare and present an "alibi" or insanity defense, or a mitigation presentation based on "diminished capacity." (ECF No. 884, Motion). The basis of his "insanity" defense appears to be his alcohol and substance abuse history, and possibly "brain damage" or mental retardation from lead paint poisoning. He contends that counsel was ineffective for not obtaining a forensic psychiatric evaluation.

Fauntleroy does not support his motion with any affidavit or expert report. The presentence report ("PSR") contained Fauntleroy's report of a significant drug abuse problem, (ECF No. 893, Gov't Opp. Ex. 3, PSR ¶ 66), and a diagnosis of a learning disability, (PSR ¶ 62).

---

[1] Judge Legg has since retired from the bench.
[2] On appeal Fauntleroy alleged that the court should have inquired further into his mental competency at the time of the plea. This claim was rejected.

1

But it also specifically noted that he "did not display any obvious signs that he is suffering from any mental or emotional health problem." (PSR ¶ 63). To qualify for an insanity defense under the Insanity Defense Reform Act ("IDRA") of 1984, 18 U.S.C. § 17, Fauntleroy would have had to prove by clear and convincing evidence that "as a result of a severe mental disease or defect, [he] was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a)-(b). "Mental disease or defect does not otherwise constitute a defense." 18 U.S.C. § 17(a). *See also United States v. Garcia*, 94 F.3d 57, 61-62 (2d Cir. 1996) ("Congress, speaking through the Senate Judiciary Committee, stated: 'The committee also intends that, as has been held under present case law interpretation, the voluntary use of alcohol or drugs, even if they render the defendant unable to appreciate the nature and quality of his acts, does not constitute insanity or any other species of legally valid affirmative defense.' Statements of congressional intent are rarely so clear.") (citation omitted).

The record reflects that trial counsel was fully aware of, and communicated to the sentencing judge, Fauntleroy's extensive drug addiction problem. He achieved for Fauntleroy a sentence that was significantly below the guideline range and below the mandatory life sentence that would have been imposed following conviction after trial. And Fauntleroy has not presented any expert report or other medical documentation to suggest that an insanity defense could have been successful. Accordingly, Fauntleroy has shown neither deficient performance nor prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). No ineffective assistance by the experienced trial counsel appointed in this case has been established. Accordingly, the motion will be denied and a certificate of appealability will not issue. A separate Order follows.

| | |
|---|---|
| <u>January 29, 2015</u><br>Date | <u>          /S/                              </u><br>Catherine C. Blake<br>United States District Judge |